# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AREA 55, INC., a California Corporation, and VINTURI, INC., a California Corporation,<br><br>                Plaintiffs and Counterdefendants,<br>  vs.<br><br>CELERAS LLC, a California Limited Liability Company; PANDAMERICAN LLC, a California Limited Liability Company; FRANMARA INC., a California Corporation; MARCO POLO TRADING COMPANY LLC, a California Limited Liability Company; and PANDAMERICAN TRADING GROUP, LTD.,<br><br>                Defendants and Counterclaimants. | CASE NO. 09-CV-2755-H (NLS)<br><br>**ORDER**<br><br>**(1) GRANTING MOTION TO STRIKE ANSWER AND COUNTERCLAIMS**<br><br>**(2) GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>**(3) GRANTING MOTION FOR PERMANENT INJUNCTION**<br><br>[Doc. No. 112] |

On March 18, 2011, Plaintiffs Area 55, Inc. and Vinturi, Inc. ("Plaintiffs") filed a motion (1) to strike Defendant Pandamerican LLC's answer and counterclaims; (2) for default judgment against Pandamerican LLC; and (3) for permanent injunction against Pandamerican LLC. (Doc. No. 112.) On April 4, 2011, Plaintiffs filed a proof of service of Plaintiffs' motion on Pandamerican LLC's registered agent. (Doc. No. 122.) To date, Pandamerican LLC has

not filed a response to Plaintiffs' motion. A hearing on the matter is currently scheduled for April 18, 2011 at 10:30 a.m. The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument, submits the motion on the parties' papers, and vacates the hearing date. For the reasons below, the Court GRANTS Plaintiffs' motion.

## Background

Plaintiff Area 55, Inc. claims ownership of U.S. Patent No. 7,614,614 ("the '614 Patent") entitled "Venturi Apparatus" between the periods of November 10, 2009 and July 8, 2010. (Doc. No. 103 at 3.) Plaintiff Vinturi, Inc. claims ownership of the '614 Patent from July 8, 2010 through the present. (Id.) Plaintiff Area 55, Inc. claims ownership of U.S. Patent No. 7,841,584 ("the '584 Patent") also entitled "Venturi Apparatus." (Id.) Plaintiffs' patents are for a handheld wine aerator. (Id.) Plaintiffs allege that Pandamerican LLC has knowingly infringed and continues to infringe Plaintiffs' '614 Patent and Area 55, Inc.'s '584 Patent through Pandamerican LLC's involvement in the production and sale of wine aerators, including the VinO2 and the Vinturator. (Id. at 3-4.)

## Discussion

**I. Motion to Strike Answer**

On December 10, 2009, Plaintiff Area 55, Inc. filed its initial complaint against Pandamerican LLC for patent infringement. (Doc. No. 1.) On January 22, 2010, Pandamerican LLC filed its answer and counterclaims through its counsel of record, Ben T. Lila. (Doc. No. 20.) On July 14, 2010, the Court granted Mr. Lila's motion to be relieved as counsel of record. (Doc. No. 63.) The Court ordered Pandamerican to retain new counsel on or before July 28, 2010–the date of the Court's scheduled Early Neutral Evaluation Conference. (Doc. No. 63.) On July 28, 2010, Pandamerican LLC failed to retain new counsel of record and failed to attend the Court's Early Neutral Evaluation Conference. (Doc. No. 112-2 at ¶ 10.)

On October 1, 2010, Plaintiffs filed a motion to strike Defendant Pandamerican LLC's

answer and counterclaims. (Doc. No. 88.) Plaintiffs requested that Pandamerican LLC's answer be stricken as a sanction for Pandamerican LLC's failure to appear in this action through counsel and to otherwise defend itself. (Doc. No. 88-1 at 1.) In their motion, Plaintiffs also requested that the Court enter default judgment and a permanent injunction against Pandamerican LLC. (Id.)

On October 20, 2010, the Court directed Pandamerican LLC to retain counsel to represent it in this case on or before November 15, 2010. (Doc. No. 89.) The Court advised Pandamerican LLC that failure to obtain counsel may result in sanctions, including entry of default judgment against it. (Id.) The Court also directed Plaintiffs to serve a copy of its October 20, 2010 order and a copy of the motion to strike Pandamerican LLC's answer on Pandamerican LLC's registered agent for service of process. (Id.) On October 22, 2010, Plaintiffs filed proof of service of Plaintiffs' motion to strike and the Court's October 20, 2010 order on Pandamerican LLC's registered agent. (Doc. No. 90.) On November 9, 2010, the Court denied without prejudice Plaintiffs' motion to strike and stated that Plaintiffs may renew their motion if Pandamerican LLC failed to obtain counsel or indicate its intention to on or before November 15, 2010. (Doc. No. 95.)

On March 18, 2011, Plaintiffs renewed their motion to strike Pandamerican LLC's answer and counterclaims. (Doc. No. 112.) To date, Pandamerican LLC has failed to obtain counsel or otherwise indicate its intention to do so since the Court relieved Mr. Lila as counsel of record on June 14, 2010. Pandamerican LLC has also failed to respond to Plaintiffs' third amended complaint that was filed on December 22, 2010, (Doc. No. 103), failed to participate in claim construction, and failed to respond to the present motion.

"District courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir.1986) (per curiam). Federal Rule of Civil Procedure 16(f) states that for violation of a pretrial order a judge may order sanctions as provided in Federal Rule of Civil Procedure 37(b)(2)(c). Rule 37(b)(2)(c)

provides for the sanction of dismissal. Federal Rule of Civil Procedure Rule 41(b) also allows a court to order dismissal of an action upon a motion by defendant for failure to comply with a court order. "The standards governing dismissal for failure to obey a court order are basically the same under either of these rules." Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).

> A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." It is not necessary for a district court to make explicit findings to show that it has considered these factors.

Id. (citations omitted).

The first two factors favor striking Pandamerican LLC's answer and dismissing its counterclaims because its conduct in refusing to obtain counsel, respond to Plaintiffs' filings, participate in claim construction, and attend hearings for the last nine months has "greatly impeded resolution of the case and prevented the [D]istrict [C]ourt from adhering to its trial schedule" with respect to Defendant Pandamerican LLC. Malone, 833 F.2d at 131. In addition, Pandamerican LLC's complete refusal to participate in this action has prejudiced Plaintiffs by interfering with their ability to proceed to trial. See In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1227 (9th Cir. 2006). The fourth factor also weighs towards granting the requested sanction as that "factor 'lends little support' to a party . . . whose conduct impedes progress" of the present action. Id. at 1228.

Finally, the Court concludes that less drastic sanctions would be inadequate under these circumstances. Under Civil Local Rule 83.3, the only parties permitted to appear in court without representation by an attorney are "natural persons representing their individual interests in propria persona." Civ. L.R. 83.3(k). It is well-settled that corporations and other unincorporated associations must appear in court through an attorney. D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973-74 (9th Cir. 2004); see also Rowland v. Cal. Men's Colony, 606 U.S. 194, 202-03 (1993) ("a corporation may appear in federal courts only

through licensed counsel"). Without appropriate representation, Pandamerican LLC cannot defend itself against the claims against it or prosecute its counterclaims against Plaintiffs. Because of this, the Court has twice ordered Pandamerican LLC to retain counsel, and in the second order the Court warned that failure to do so may result in sanctions, including entry of default judgment. (Doc. Nos. 63, 89.) In addition, Plaintiffs filed this exact same motion over six months ago putting Pandamerican LLC on notice of the relief Plaintiffs would seek if Defendant continued to fail to participate in this litigation. (Doc. No. 88.) Yet, despite all of this, Pandamerican LLC has failed to retain counsel or participate in the present action for the last nine months.

The Court concludes that all five factors weigh towards striking Pandamerican LLC's answer and dismissing its counterclaims against Plaintiffs. Accordingly, the Court GRANTS Plaintiffs' motion to strike Pandamerican LLC's answer and counterclaims.

**II. Default Judgment**

Federal Rule of Civil Procedure 55(b) provides that default judgment may be entered upon the application of a party. Factors which the Court may consider in regard to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation marks and citations omitted).

Considering the factors established in Eitel, the Court determines a grant of default judgment is appropriate in this case. First, there is a significant possibility of prejudice to Plaintiffs if they are unable to obtain resolution of their infringement claims. Additionally, the complaint sufficiently alleges a claim for patent infringement under 35 U.S.C. §101, et. seq.

The sum of money at stake in the action does not weigh against default judgment, as Plaintiffs only seek a permanent injunction. (Doc. No. 112-1 at 6.) Likewise, the possibility of a material dispute over the facts does not weigh against default judgement because Pandamerican LLC has continued to fail to obtain counsel and defend itself in this action. In addition, the factual allegations of the complaint are taken as true upon entry of default. TeleVideo, 826 F.2d at 917-18. There is no evidence that Pandamerican's failure to participate in this action thus far is due to excusable neglect. Although the Court recognizes the strong policy favoring resolution of cases on their merits, proceeding with the instant litigation against Defendants would be futile given Defendants' continued failure to retain counsel and participate in this action. Thus, entry of default judgment is necessary to ensure Plaintiffs are not left without recourse for their claims.

## III.  Permanent Injunction

Plaintiffs also seek a permanent injunction that enjoins Pandamerican LLC from making, using, selling or offering to sell wine aerators that infringe the '614 Patent, including the VinO2 and the Vinturator. (Doc. No. 112-1 at 6-8.) A court may grant an injunction for violation of a right secured by patent, "in accordance with the rules of equity," and "on such terms as the courts deem reasonable." 35 U.S.C. §283; eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 392-93 (2006). A plaintiff seeking a permanent injunction must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay, 547 U.S. at 391.

Plaintiffs and Pandamerican LLC are direct competitors in the same market for hand-held wine aerators. (Doc. No. 112 at 7.) Plaintiffs' third amended complaint alleges that Pandamerican LLC has infringed and continues to infringe Plaintiffs' patents, and that as a direct result of Defendant's infringement, Plaintiffs have suffered irreparable harm. (Doc. No.

1 103 ¶¶ 17-19, 24-26.)  Further, because the parties are direct competitors, monetary damages
2 are not an adequate remedy to compensate Plaintiffs.  See Hybritech, Inc. v. Abbott Labs, 849
3 F.2d 1446,1456-57 (Fed. Cir. 1988) ("because the principal value of a patent is its statutory
4 right to exclude, the nature of the patent grant weighs against holding that monetary damages
5 will always suffice to make the patentee whole").  Also, Plaintiffs could not adequately
6 determine their damages in this case due to Defendant's failure to participate in this action.
7 See Amini Innocation Corp. v. KTY Int'l Martketing dba M Pacific Furinture, 2011 U.S. Dist.
8 LEXIS 26826, at *14 (C.D. Cal. 2011).  In addition, the balance of the hardship weighs
9 strongly in favor of Plaintiffs because Plaintiffs have suffered irreparable harm from
10 Defendant's infringement, and Defendant has failed to participate in this action and make any
11 showing that a permanent injunction would be harmful to it.  The Court also notes that there
12 is a "strong public policy favoring the enforcement of patent rights," Ppg Indus. v. Guardian
13 Indus. Corp., 75 F.3d 1558, 1567 (Fed. Cir. 1996), and the Court has not been presented with
14 any critical public interest that would be injured by the grant of an injunction.  See Hybritech,
15 849 F.2d at 1458.  Finally, "Courts awarding permanent injunctions typically do so under
16 circumstances where plaintiff practices its invention and is a direct market competitor."  Adv.
17 Cardiovascular Sys., Inc. v. Medtronic Vascular, Inc., 579 F. Supp. 2d 554, 558 (D. Del.
18 2008).

19 In sum, in light of the allegations presented by Plaintiffs, the Court concludes that all
20 four factors favor Plaintiffs and that injunctive relief is appropriate.  Accordingly, the Court
21 GRANTS Plaintiffs' request for a permanent injunction enjoining Defendant Pandamerican
22 LLC from making, using, selling or offering to sell wine aerators that infringe the '614 Patent
23 or '584 Patent, including the VinO2 and the Vinturator.[1]

24 ///
25 ///
26 ///
27

---

28 [1] The Court will issue a separate permanent injunction order.

## Conclusion

For the reasons above the Court:

(1) GRANTS Plaintiffs' motion to strike Defendant Pandamerican LLC's answer and counterclaims;

(2) GRANTS Plaintiffs' motion for default judgment against Pandamerican LLC; and

(3) GRANTS Plaintiffs' motion for permanent injunction against Pandamerican LLC.

**IT IS SO ORDERED.**

DATED: April 11, 2011

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT